UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    Color Code Painting, Inc.,                          Chapter 11
                                                      Case No. 26-10014

                           Debtor.

## DECLARATION OF BRYAN BERRY
## IN SUPPORT OF FIRST DAY RELIEF AND PETITION

I, Bryan Berry, hereby declare the following under penalty of perjury:

1.     I am the President of the Debtor in the above-captioned proceeding.

2.     The Debtor was formed on August 3, 2016 and began doing business thereafter.

3.     I submit this declaration to assist this Court and the parties-in-interest in understanding: (a) the circumstances leading to the commencement of this Chapter 11 case; (b) the business structure of the Debtor; and (c) the Debtor's prepetition debt.

4.     Additionally, I submit this declaration in support of: (a) the Debtor's petition for relief under the United States Bankruptcy Code; and (b) the "first day" relief the Debtor has requested pursuant to the motions and applications also filed on the date hereof.

5.     Except as otherwise indicated herein, all facts set forth in this declaration are based on my personal knowledge as the President. If called upon to testify, I would testify competently to the facts set forth herein.

## Background

1.     The Debtor was formed in August, 2016.

1.     As of the Petition date, the Debtor employs a variable amount of employees, based on open projects, but on average, approximately 5-9 per month, including myself. Employees are paid either hourly or on a salary basis.

2. Debtor anticipates needing to maintain its workforce during the course of reorganization in order to ensure continuation of contracts and obligations within its field of being a certified New York State Minority Business Enterprise painting and taping specialist within the construction industry.

3. Debtor anticipates growing its workforce during the pendency of the bankruptcy. Debtor's business is cyclical, similar to many contracting businesses, with more robust project and work opportunities outside of the winter months.

4. The Debtor's revenue is derived from fees earned from completed contracts with commercial businesses and individuals.

1. As of the Petition Date, the Debtor's combined assets aggregate approximately $52,335.56. The Debtor's combined liabilities are approximately $439,490.94 and comprised of $167,691.39 in secured debt and $271,799.55 in general unsecured debt.

## Events Leading up to Chapter 11

5. In or around September 2025, the Debtor retained Boyle Legal, LLC ("Boyle") to assess its financial situation and make a recommendation as to whether filing for bankruptcy protection would be in the best interest of the Debtor, its clients, and its creditors. Ultimately, Boyle and the Debtor's management determined that seeking protection under chapter 11 of the Bankruptcy Code would be the best means for the Debtor to obtain relief from its numerous debts and allow it to successfully restructure its business debt payments through augmenting superfluous unsecured and undersecured debt loads reducing overhead.

6. Debtor is a contractor which operates in the specialty field of painting and taping within construction projects.

7. Debtor is located in, and primarily operates out of the Greater Capital Region New York.

8. Notwithstanding Debtor's history as a preeminent contractor in the Capital Region, like many others in the trade industry, Debtor was significantly impacted by COVID and has been working tirelessly to rebuild business ever since.

9. In order to survive the pandemic, Debtor, like many small businesses, took out a significant Economic Injury Disaster Loan from the Small Business Association.

10. Debtor's workflow is recovering however, Debtor requires Chapter 11 Bankruptcy protection in order to provide "breathing room" to assess its financial condition and formulate a fair and equitable plan of reorganization.

11. Debtor's goals in this bankruptcy are to grow its business and maintain ongoing operations in order to cashflow positive and survive the restructuring process.

12. Debtor believes based on its current and future workload, that it can successfully restructure; however, Debtor requires immediate bankruptcy relief in order to keep its creditors at bay while it formulates a plan of reorganization.

## First Day Motions

13. **Motion to Utilize Cash Collateral**

    a. At the time of filing, Debtor's cash and cash equivalents are purportedly encumbered by its SBA Loan.

    b. Upon information and belief, the Small Business Administration is in first position with Debtor's collateralized cash and is owed approximately $80,000.00.

    c. While Debtor has other UCC creditors, upon information and belief, its cash and cash equivalents do not exceed $80,000.00 and thus, those remaining UCC creditors are wholly unsecured as it relates to Debtor's cash position.

d.  At the time of filing, Debtor's cash equivalent at the time of filing is approximately $8,000.00. As such, Debtor has no unencumbered cash.

e.  While Debtor's cash is modest, there appears to be enough work to replenish it during the "slow" winter months.

f.  Debtor anticipates cash flow growing as it has multiple, robust contracts set to begin in Spring, 2026.

g.  It is absolutely essential for Debtor's short- and long-term ongoing operations to be able to utilize its cash on hand and collected receivables in order to maintain post-petition obligations, including payroll, insurance payments, and operating costs/overhead.

h.  Without access to this cash, Debtor cannot survive.

i.  Debtor has proposed ongoing adequate protection payments to SBA in the form of ongoing monthly payments, periodic reporting, and replacement liens, as necessary.

j.  As such, equity dictates that Debtor be able to utilize cash collateral to cover necessary and reasonable ongoing expenses, certain pre-petition prioritized expenses, and that the adequate protection proposed and articulated by Debtor in its motion to use cash collateral, is sufficient to protect the interests of Debtor's Creditors.

k.  The proposed budget included in Debtor's Cash Collateral Motion includes only the reasonable and necessary expenses of Debtor during the slower, winter months.

l.  Debtor does anticipate augmenting that budget as work "picks up."

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information and belief.

Dated: January 8, 2026                             /s/Bryan Berry
                                                        Bryan Berry, President
                                                        Debtor and Debtor-in-Possession
                                                        *Color Code Painting, Inc.*